# IN THE UNITES STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

MARION D. SPENCE II                                                      **PLAINTIFF**

V.                  CASE NO. 3:17-CV-03074

UNION PACIFIC RAILROAD COMPANY                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are:

- Defendant Union Pacific Railroad Company's ("Union Pacific") Motion for Extension of Time to Answer (Doc. 10), Brief in Support (Doc. 11), and Supplement (Doc. 13); Plaintiff Marion D. Spence II's Response (Doc. 18) and Brief in Support (Doc. 19); and Union Pacific's Reply (Doc. 22); and

- Mr. Spence's Motion for Default Judgment on Liability and Request for Hearing on Damages (Doc. 14), Brief in Support (Doc. 15), and Affidavit in Support (Doc. 16); and Union Pacific's Response (Doc. 17).

For the reasons given below, Union Pacific's Motion is **GRANTED**, and Mr. Spence's Motion is **DENIED**.

## I. BACKGROUND

Mr. Spence was a truck driver for Union Pacific, who allegedly sustained shoulder injuries as the result of continued or specific exposure to hazards on the job while working for Union Pacific. *See* Doc. 1. Mr. Spence filed suit for negligence against Union Pacific on September 1, 2017. *See id.* Upon prompting by the Court to show cause, *see* Doc. 5, Mr. Spence filed proof of service on January 12, 2018, indicating that Union Pacific had

1

been served with the Complaint on November 27, 2017. *See* Doc. 6. The Court filed a Notice of Default Procedure on January 16, 2018, because the deadline for Union Pacific to file its Answer had passed without any Answer having been filed. *See* Doc. 7. Union Pacific then filed an Answer on January 22, 2018, *see* Doc. 8, accompanied that same day by a Motion for Extension of Time to File Answer, *see* Doc. 10. A week later, Mr. Spence filed his Motion for Default Judgment. *See* Doc. 14. Both Motions have been fully briefed and are ripe for decision.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a defendant to serve an answer or responsive motion to a complaint "within 21 days after being served with the summons and complaint." *See* Fed. R. Civ. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)) (ellipses in original).

"Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). "The determination of whether neglect is

excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* When making that equitable determination, the Court must pay particular attention to the following four factors: (1) the possibility of prejudice to the party opposing the late filing; (2) the length of the late party's delay and the possible impact of that delay on judicial proceedings; (3) the late party's reasons for delay, including whether the delay was within their reasonable control; and (4) whether the late party acted in good faith. *See id.* The decision whether to allow a party to submit a late filing is committed to this Court's discretion. *See id.* In the Discussion Section below, the Court will analyze each of these four factors, in the sequence just mentioned, with respect to Union Pacific's Motion for Extension of Time to Answer.

### III. DISCUSSION

#### A. Possibility of Prejudice

The Court finds that the possibility of prejudice to Mr. Spence is minimal. The proceedings here are relatively new, and Union Pacific appears ready to defend its case on the merits. Notwithstanding his Motion for Default Judgment, Mr. Spence has not displayed any sense of urgency about the pace of these proceedings; he filed his Affidavit of Service, *see* Doc. 6, after being prompted to do so by the Court, *see* Doc. 5, and he has since sought (and been granted) an extension of the deadline to file his initial disclosures under Rule 26. *See* Docs. 24, 26. Therefore, this factor weighs in favor of extending Union Pacific's deadline to respond to Mr. Spence's Complaint.

#### B. Length of Delay

A defendant has twenty-one days from the date of service to respond by filing an answer or a motion. Fed. R. Civ. P. 12(1)(A). Union Pacific's agents were served on

3

November 27, 2017, but Union Pacific did not file its Answer until January 22, 2018, five weeks after it was due. Obviously a five-week delay is far longer than it could be; but in the grand scheme of things, it is not onerously so. The impact of this delay on these proceedings appears to be nonexistent, other than the default proceedings and motion practice that it prompted. Therefore, this factor also weighs in favor of extending Union Pacific's deadline to respond to Mr. Spence's Complaint.

### C. Reason for the Delay

Here, it should be noted that these four factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). In Union Pacific's case, the reason for delay appears to have been human error. Union Pacific explains that its staff was overworked because there were several retirements within the company. Because of this, several attorneys were assigned new managerial roles, and Union Pacific failed to retain local counsel to answer the suit. The Senior General Attorney for Defendant was not even aware that an answer was missing until the proof of service of process was filed—and by that time, it was too late. On the one hand, these facts show that Union Pacific has no one but itself to blame for its tardiness in this case. But on the other hand, these facts tend to show mere oversight or mistake on the part of Union Pacific, rather than disregard. Therefore, this factor weighs in favor of extending the deadline, though not as strongly as the previous two factors do.

### D. Good Faith

The Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal

failure' to meet pleading or other deadlines." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Here, Union Pacific appears to have immediately attempted to rectify its error as soon as it became aware of it. And as discussed in the preceding subsection, Union Pacific's tardiness appears to be entirely the result of an oversight or mistake. Therefore this factor weighs heavily in favor of extending Union Pacific's deadline.

## IV. CONCLUSION

This Court has determined that all four factors discussed above weigh in favor of extending Union Pacific's deadline to respond to Mr. Spence's Complaint. **IT IS THERFORE ORDERED** that Defendant Union Pacific Railroad Company's Motion for Extension of Time to Answer (Doc. 10) is **GRANTED**, and Union Pacific's Answer at Doc. 8 will be deemed timely filed. Accordingly, Plaintiff Marion D. Spence II's Motion for Default Judgment on Liability and Request for Hearing on Damages (Doc. 14) is **DENIED**.

**IT IS SO ORDERED** on this __27th__ day of March 2018.

/s/ J.L.B.
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE