IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARION D. SPENCE II                                                                    PLAINTIFF

V.                                            CASE NO. 3:17-CV-3074

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANT

## OPINION AND ORDER

Plaintiff Marion D. Spence II brought this lawsuit for negligence against Defendant Union Pacific Railroad Company ("Union Pacific"), his former employer, concerning injuries he allegedly sustained from exposure to hazards on the job. This Court entered a Case Management Order on April 5, 2018, setting a discovery cutoff date of January 25, 2019. *See* Doc. 31, p. 2. On January 18, 2019, Union Pacific filed a Motion for Summary Judgment against Mr. Spence. *See* Doc. 34. Under our Local Rules, Mr. Spence's response to that Motion is due by no later than February 1, 2019. *See* Local Rule 7.2(b).

Mr. Spence has filed a Motion to Extend, asking this Court to "extend the relevant discovery deadline occurring on January 25, 2019 and response time to the Defendant's Motion for Summary Judgment to February 8, 2019."[1] *See* Doc. 37, ¶ 12. In support of his Motion, Mr. Spence informs the Court that his counsel's firm recently experienced a

---

[1] The Court emailed counsel for both parties, asking Mr. Spence to clarify whether he was asking for both deadlines to be extended to February 8. Counsel for Mr. Spence responded that he "would prefer 3 weeks for both." It is not clear to the Court what he means by this, so it will simply construe Mr. Spence's Motion as requesting a deadline of February 8, 2019 for the discovery cutoff and a deadline of February 8, 2019 for Mr. Spence's summary-judgment response.

1

reduction in size from five individuals to two, and that this "unexpected and unplanned transition" has imposed significant strain on his counsel's ability to meet these deadlines. See id. at ¶¶ 6–10. Union Pacific opposes Mr. Spence's request with respect to the discovery cutoff date, but does not oppose his request with respect to the summary-judgment response deadline. See Doc. 38.

The Court finds that the recency of these events—which appear primarily to have occurred "over the last forty-five (45) days," see Doc. 37, ¶ 7—demonstrates good cause for extending Mr. Spence's deadline to respond to Union Pacific's Motion for Summary Judgment, given that Union Pacific's Motion was only filed within the past couple of weeks. See Local Rule 7.2(b) ("For cause shown, the court may by order shorten or lengthen the time for the filing of responses and replies."). However, roughly eight months appear to have passed between when this Court entered its Case Management Order and when the aforementioned employee exodus occurred; and Mr. Spence has not described any other cause—whether good, or otherwise—for why those eight months were insufficient time to conduct discovery in this case. In the absence of any such explanation, the recent employee exodus does not, alone, demonstrate good cause for extending the discovery cutoff date. See Fed. R. Civ. P. 16(d) ("A schedule may be modified only for good cause and with the judge's consent.").

**IT IS THEREFORE ORDERED** that Mr. Spence's Motion to Extend (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**. Mr. Spence may file his response to Union Pacific's Motion for Summary Judgment (Doc. 34) by no later than **February 8, 2019**. But the discovery cutoff date remains unchanged.

**IT IS SO ORDERED** on this 31st day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE