# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**MARION D. SPENCE II**                                                                                          **PLAINTIFF**

**V.**                                       **CASE NO. 3:17-CV-3074**

**UNION PACIFIC RAILROAD COMPANY**                                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Union Pacific Railroad Company's ("Union Pacific") Motion for Summary Judgment (Doc. 34), Brief in Support (Doc. 35), and Statement of Undisputed Material Facts (Doc. 36). No response was ever filed to these documents. For the reasons given below, Union Pacific's Motion is **GRANTED**.

## I. BACKGROUND

Mr. Spence filed this lawsuit against his former employer, Union Pacific, in September of 2017. He alleges that three years earlier, in September 2014, he sustained a shoulder injury on the job, due to Union Pacific's negligence. He brings this action under the Federal Employers' Liability Act ("FELA"), which makes railroad companies liable to their employees whom they have negligently injured. *See* 45 U.S.C. § 51. On January 18, 2019, Union Pacific moved for summary judgment on Mr. Spence's claims. *See* Doc. 34. Mr. Spence never filed any response, despite being given an extended deadline by which to do so. *See* Doc. 39. Union Pacific's Motion is now ripe for decision.

## II. LEGAL STANDARD

When a party moves for summary judgment, the Court must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of any material factual disputes. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

If the moving party meets this burden, then the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting then-Fed. R. Civ. P. 56(e)) (emphasis removed). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986)).

Our Local Rules require every movant for summary judgment to support its motion with "a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." *See* Local Rule 56.1(a). Likewise, every opponent of summary judgment must file a statement of "the material facts as to which it contends a genuine dispute exists to be tried." *See* Local Rule 56.1(b). All facts in the movant's statement "shall be deemed admitted unless controverted by" the opponent's

statement. *See* Local Rule 56.1(c). The facts described below are treated as undisputed and drawn directly from Union Pacific's Statement of Undisputed Material Facts and supporting exhibits, because Mr. Spence never filed any response controverting them.

## III. DISCUSSION

In September 2014, Mr. Spence was working for Union Pacific in Laredo, Texas. *See* Doc. 36, ¶ 1. His initial job was to lay tie plates on crossties, using something called a "gabby stick." *See id.* at ¶¶ 2–3. For this Opinion and Order's purposes there is no need to dive deeply into the details of what that task entailed, other than to observe that it involved repeatedly lifting, moving, and setting down heavy things. *See id.*; *see also* Doc. 35-1, p. 34. At some point during Mr. Spence's first week on this job, he began experiencing shoulder pain, which then steadily increased. *See* Doc. 35-1, p. 33. During Mr. Spence's deposition, he was unable to recall a specific incident when he first began experiencing this pain. *See id.* After following the advice of one of his foremen to take the rest of that day off, Mr. Spence returned to work the following day and laid tie plates all day. *See id.* at 34. Then on the next day, he was reassigned to a different task and does not appear to have laid tie plates again in September 2014, after which time he took nineteen months off from work. *See id.* at 34–35, 38–40.

During Mr. Spence's time off from work he underwent shoulder surgery to treat chronic impingement and to repair an anterior labral detachment. *See* Doc. 35-2, ¶ 6. He also received several MRIs, both during and after his time off from work. *See id.* at ¶¶ 5, 7. Union Pacific's medical expert, Dr. Raymond Peeples, Jr., has reviewed these and other medical records, and opined that "Mr. Spence has a degenerative condition of impingement and associated incidental labral tear," and that "[t]hese are unrelated to

3

activities at work and specifically unrelated to the laying of tie plates in September 2014." *See id.* at ¶ 10. Dr. Peeples has further opined that based on his review of the medical records, "there is no objective evidence of an acute injury to Mr. Spence," because impingement syndrome of the shoulder is a degenerative rather than traumatic condition, which is to say that it is simply "part of the natural aging process." *See id.* at ¶ 11. Dr. Peeples observes that his opinion agrees with that of Mr. Spence's own treating orthopedist, Dr. Merwin Moore, who indicated in November 2015 that Mr. Spence's shoulder "condition is not work related." *See id.* at ¶¶ 5, 7, 9.

Mr. Spence has not provided any expert reports of his own in this case—not even simply to rebut the opinions of Dr. Peeples. Union Pacific contends that this deficiency is fatal to Mr. Spence's case. The Court agrees.

When, as here, a plaintiff in a FELA case cannot "point to a specific incident that injured him" and the defendant railroad presents a medical expert report opining that the plaintiff's work at the railroad "did not cause the injury in question," then the plaintiff must present expert testimony of his own to establish a causal connection between the injury and whatever incident is alleged to have caused the injury, "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." *See Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010). Here, as in *Brooks*, the only evidence in the record regarding causation is that Mr. Spence's condition is degenerative rather than traumatic. *Cf.* 620 F.3d at 897, 898. Since Mr. Spence has no "expert opinion to refute Union Pacific's expert causation evidence," there are "no genuine fact disputes regarding whether Union Pacific caused [his] injury,"

which is "an essential element under FELA."  *See id.* at 900.  Thus, summary judgment is appropriate.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Union Pacific Railroad Company's Motion for Summary Judgment (Doc. 34) is **GRANTED**.  A separate judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** on this 20th day of March, 2019.


       */s/ Timothy L. Brooks*
       TIMOTHY L. BROOKS
       UNITED STATES DISTRICT JUDGE